CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

APR 19 2012

JULIA C. DUDLEY, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WARREN SCOTT TAYLOR, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:12cv00010 |
| v. | ) |
| GREG HENNIG, | ) By: Michael F. Urbanski |
| Extradition and Clemency Director, | )     United States District Judge |
| Office of the Secretary of the Commonwealth, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Warren Scott Taylor ("Taylor"), proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983 on January 31, 2012. Taylor alleges that defendant Greg Hennig, Extradition and Clemency Director, Office of the Secretary of the Commonwealth, violated his constitutional rights by failing to process a petition for absolute pardon and forward it to the Virginia Parole Board.[1] By Order dated February 14, 2012, this case was referred to B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge issued a Report and Recommendation on February 16, 2012, recommending that the court dismiss this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Taylor filed an objection to the Report and Recommendation on March 1, 2012. In this objection, Taylor asserts that the two convictions for which he seeks pardon lacked merit and if Hennig had processed his petition for clemency and forwarded it to the Virginia Parole Board, pardon would have been granted. Federal Rule of Civil Procedure 72(b)(2) requires a party to "serve and file specific written objections to the proposed findings and recommendations" of the

---

[1] This is one of three complaints filed recently by Taylor concerning petitions for clemency for various convictions. See Civil Action Nos. 5:11cv00097 and 5:12cv00006.

magistrate judge. The district judge then considers <u>de novo</u> "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Taylor does not object specifically to any findings in the magistrate judge's Report and Recommendation. He merely reiterates the allegations set forth in his complaint. Thus, he has not satisfied the specificity requirement outlined in Rule 72(b).

Nevertheless, even assuming Taylor had filed proper objections to the Report and Recommendation, the court finds the Report and Recommendation should be adopted in its entirety. "The standard by which the [c]ourt determines whether to dismiss an action under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that under Rule 12(b)(6) of the Federal Rules of Civil Procedure." <u>Smith v. McClure</u>, No. 6:10cv00022, 2010 WL 2326536, at *2 (W.D. Va. June 8, 2010) (citing <u>Newsome v. E.E.O.C.</u>, 301 F.3d 227, 231 (5th Cir. 2002) and <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000)). To survive a 12(b)(6) motion to dismiss, a complaint must plead enough facts to "'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 570).

Taylor alleges that he mailed his petition for absolute pardon to Hennig in late June or early July 2008. Taylor claims Hennig acknowledged receiving the petition. He states that Hennig sent him a confirmation letter dated July 14, 2008. Taylor further claims Hennig told him he would be forwarding the petition to the Virginia Parole Board for investigation. Taylor alleges that he later contacted Joan Wade at the Virginia Parole Board, who stated she had not received Taylor's petition. Taylor claims Hennig "purposely failed to process the petition and

send it to the Va Parole Board [and] the defendant has denied plaintiff Warren Scott Taylor his right to file a petition for absolute pardon." Compl., Dkt. # 1, at 3.

These allegations do not state a claim for which relief can be granted. Clemency "is an executive remedy exclusively that of the Commonwealth of Virginia and is not subject to judicial review by a federal court." Graham v. Angelone, 73 F. Supp. 2d 629, 631 (E.D. Va. 1999); see also Ohio Adult Parole Auth. v. Woodward, 523 U.S. 272 (1998) (holding that clemency decisions are generally not entitled to judicial review and that the clemency procedures at issue did not violate the Due Process Clause); Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458 (1981) (holding that there is no constitutionally protected interest in clemency). Because there is no constitutionally protected interest in clemency, Taylor's claims that he was denied the right to file a petition for absolutely pardon are not subject to review by this court. As such, Taylor's objection will be overruled, the Report and Recommendation will be adopted in its entirety, and this case will be dismissed from the active docket of the court.

An appropriate Order will be entered.

Entered: April 19, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge